UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 14-284** |
| **BRANDON LICCIARDI** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court are two Motions filed by Defendant Brandon Licciardi: a Motion for Discovery and Inspection of Darren Sharper's Presentence Report (Doc. 274) and a Motion for Reconsideration of the Court's Order Denying Defendant Discovery of Darren Sharper's Prescription Drug Records (Doc. 275). For the following reasons, these Motions are **DENIED**.

## BACKGROUND

The background facts of this case have been detailed at length in the Court's previous orders. Familiarity with these orders is assumed.

1

# LEGAL STANDARD

## I. Discovery Under Rule 16

Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> **(a)(1)(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> **(i)** the item is material to preparing the defense;
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
> **(iii)** the item was obtained from or belongs to the defendant.
>
> **(a)(2) Information Not Subject to Disclosure.** This rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

The burden is on the Defendant to make a prima facie showing of "materiality" in order to obtain discovery under Rule 16.[1] "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case."[2] Indeed, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor."[3] The Government's obligation to disclose materials extends to items that are "within the government's possession, custody, or control."[4] Materials are clearly within the government's possession, custody, or control when the prosecutor has actually reviewed them or they are within his own files. Materials within the government's possession, custody, or control extend beyond what the prosecutor has or has seen, but not infinitely. For purposes of Rule 16, government possession, custody, or control extends to materials in the possession of another federal—or even state—agency when the prosecutor is engaged in a joint investigation with that other agency or when the other agency is so closely aligned with the prosecution as to be considered part of the prosecution team or has contributed significantly to the investigation or prosecution.[5]

---

[1] *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).
[2] *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975).
[3] *Id.*
[4] Fed. R. Crim. P. 16(a)(1)(E).
[5] *United States v.. Villa,* No. 3:12cr40, 2014 WL 280400, at *3 (D.Conn. Jan. 24, 2014) (citing *United States v. Gupta,* 848 F.Supp.2d 491, 493 (S.D.N.Y. 2012); *United States v. Finnerty,* 411 F.Supp.2d 428, 432 (S.D.N.Y. 2006)); *United States v. Libby,* 429 F.Supp.2d 1, 6 (D.D.C. 2006) (citing *United States v. Brooks,* 966 F.2d 1500, 1503 (D.C.Cir.

## II. Disclosure pursuant to *Brady*

In contrast to the standard for obtaining discovery under Rule 16, the Government is under an affirmative duty to disclose exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963). Due process requires that the Government disclose evidence favorable to the accused that is material to guilt or punishment and that such disclosures be made timely in order for a Defendant to make effective use of the information at trial.[6] Unlike Rule 16, however, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation."[7] The Government "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."[8] *Giglio v. United States* extends the Government's disclosure obligation to include evidence that would impeach a Government witness.[9] Likewise, the Jencks Act requires that the Government disclose statements or reports made by Government witnesses or prospective witnesses, but the Act requires that such disclosure be made only after the witness has testified on direct examination.[10]

---

1992); *United States v. Fairman,* 769 F.2d 386, 391 (7th Cir.1985)); *Finnerty,* 411 F.Supp.2d at 432 (citing *United States v. Chalmers,* 410 F. Supp. 2d 278, 290 (S.D.N.Y. 2006); *United States v. Holihan,* 236 F.Supp.2d 255, 260 (W.D.N.Y. 2002); *United States v. Volpe,* 42 F.Supp.2d 204, 221 (E.D.N.Y. 1999); *United States v. Upton,* 856 F. Supp. 727, 749–50 (E.D.N.Y. 1994)); *United States v. Giffen,* 379 F. Supp. 2d 337, 342–43 (S.D.N.Y. 2004) (citing *United States v. Trevino,* 556 F.2d 1265, 1272 (5th Cir. 1977)).

[6] *United States v. McKinney*, 758 F.2d 1036, 1049–50 (5th Cir. 1978).
[7] *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978).
[8] *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).
[9] 405 U.S. 150 (1972).
[10] 18 U.S.C. § 3500.

## LAW AND ANALYSIS

**I. Motion for Discovery and Inspection of Darren Sharper's Presentence Report (Doc. 274)**

Defendant Brandon Licciardi's first Motion asks the Court to order disclosure of Darren Sharper's Presentence Report (PSR).[11] Mr. Licciardi contends that the report must be disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*,[12] and *Giglio v. United States*.[13]

In considering the production of any portion of the PSR, the Court must consider the confidential nature of the document and the public interest in preserving its confidentiality.[14] The PSR is prepared by the United States Probation Office as an informative document for the sentencing court. Any breach of that confidentiality could directly impact the quality of the information considered by the court. In light of the interests at stake, the Court considers its production under Rule 16 and Brady.

The Court finds no basis for the production of this report in Rule 16. The burden is on the Defendant to make a prima facie showing of "materiality" in order to obtain discovery under Rule 16.[15] "Materiality

---

[11] At the outset, this Court notes that the Defendant concedes that he is not entitled under the Jencks Act to obtain the PSR of a testifying witness.
[12] 373 U.S. 83 (1963).
[13] 405 U.S. 150 (1972).
[14] *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992).
[15] *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).

means more than that the evidence in question bears some abstract logical relationship to the issues in the case."[16] Indeed, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor."[17] Defendant has cited to no authority under which the PSR should be produced under Rule 16. Rather, Defendant seems to have conflated his Rule 16 request with the government's obligations under *Brady*. Accordingly, the Court finds that Rule 16 does not compel disclosure of Mr. Sharper's PSR.

Under the rule set forth in *Brady,* "the due process clause requires the prosecution to disclose all evidence favorable to the accused."[18] In certain circumstances, this obligation may extend to exculpatory evidence contained in the PSR of a codefendant or a government witness.[19] In weighing the disclosure of a presentence report, the court must be mindful of their confidential nature.[20] "Because presentence reports are necessarily confidential, the district court should examine the report in camera and release any exculpatory or impeachment material to the defendant while protecting the confidentiality of the rest of the report."[21]

The Court has conducted an in camera inspection of Mr. Sharper's PSR. As a result of the inspection the Court makes two specific findings: 1) The

---

[16] *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975).
[17] *Id.*
[18] *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992) (citing *Brady,* 373 U.S. at 83 and *Giglio*, 405 U.S. at 150).
[19] *Id.*
[20] *Id.*
[21] *Id.*

defendant otherwise has access to the material information contained in the report; and 2) The report contains no exculpatory information. Mr. Licciardi argues that the report contains exculpatory information regarding similar criminal activity of Mr. Sharper that occurred in other jurisdictions to which Mr. Licciardi was not a participant. Mr. Licciardi has access to that information and has previously advised this Court that he has in his possession the police reports from several other jurisdictions. Furthermore, the fact that Mr. Sharper has pleaded guilty to criminal conduct in other states is a matter of public record and a fact of which Mr. Licciardi is well aware. Additionally, despite his impassioned assertions, evidence that Mr. Sharper committed crimes in other jurisdictions without Mr. Licciardi's assistance does not exculpate Mr. Licciardi from involvement in the conspiracy alleged in this case. Accordingly, the Court will not order the production of the PSR.

## II. Motion For Reconsideration of the Court's Order Denying Defendant Discovery of Darren Sharper's Prescription Drug Records (Doc. 275)

Defendant next asks the Court to reconsider its denial of his motion seeking discovery of Darren Sharper's Prescription Drug Records. Defendant perceives an inconsistency in the Court ordering production of the prescription drug records of victim M.B. without ordering the production of those belonging to Mr. Sharper. The Court disagrees and declines to revisit its prior order. M.B.'s prescription records are material under Rule 16

because they may show an alternative source for drugs found in her system. Such information could be material to Mr. Licciardi's defense. Mr. Sharper's drug records cannot, however, show anything of the sort. Even if Mr. Sharper's records show that he was prescribed some of the drugs involved in the conspiracy, this information does not "significantly alter the quantum of proof" in Mr. Licciardi's favor, as required to merit disclosure under Rule 16. Moreover, it does not exculpate Mr. Licciardi from involvement in the conspiracy alleged in this indictment. Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant Brandon Licciardi's Motion for Discovery and Inspection of Darren Sharper's Presentence Report (Doc. 274) and a Motion for Reconsideration of the Court's Order Denying Defendant Discovery of Darren Sharper's Prescription Drug Records (Doc. 275) are **DENIED**

New Orleans, Louisiana this 13th day of April, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**